UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERMAINE RACHARD ALLEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-904** |
| **TIMOTHY BERRIAN, ET AL.** | **SECTION: "S"(5)** |

### REPORT AND RECOMMENDATION

Plaintiff filed the instant complaint in May of 2021, and he paid the full filing fee that same month. Having paid the filing fee, he was then responsible for serving the summons and complaint upon Defendants. Fed. R. Civ. P. 4(c)(1). Despite the passage of over a year, there is no indication in the record that he has done so.

The Federal Rules provide:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

On August 5, 2022, this Court ordered Plaintiff to file proof of service on Defendants in the record by August 26, 2022. (Rec. doc. 9). The Court expressly warned Plaintiff that noncompliance with that order or failure to show cause for noncompliance could result in dismissal of the claims against that Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (*Id.*). Plaintiff did not respond to that order.

Plaintiff paid the filing fee in this lawsuit. That fact, however, does not relieve him of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request

service upon the appropriate defendant and *attempt to remedy any apparent service defects of which a plaintiff has knowledge.*" *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff. *Id.*

More than 90 days have elapsed since this lawsuit was filed on May 25, 2021. Despite the passage of that extensive period of time, Plaintiff has not provided this Court with proof of service on Defendants, even though summons issued on May 26, 2021. The Court gave plaintiff notice of the fact that Defendants had not been served, as well as an opportunity to cure that defect. Nevertheless, Plaintiff has not cured the defect by providing the necessary service information, and, as a result, no service has been effected. Therefore, the failure to serve Defendants results not from the actions or inactions of the Court, but rather solely from the inaction and dilatoriness of Plaintiff.

Despite being given express notice that his claims against Defendants could be dismissed unless he provided the required information or showed good cause for failing to do so, Plaintiff failed to respond to the Court's notice. Accordingly, this Court finds that dismissal of those claims without prejudice is now appropriate. *See, e.g., Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 Fed. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009); *Pines v. St. Tammany Parish Prison*, Civ. Action No. 09-3113, 2009 WL 3347384 (E.D. La. Oct. 14, 2009). Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims against Timothy Berrian, Jody Banks, and C.O. Stevenson be **DISMISSED WITHOUT PREJUDICE** for failure to effect service on Defendants.

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this __7th__ day of September, 2022.

_____
       MICHAEL B. NORTH
       UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.